# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROBERT WUENSCHEL, | * | |
| Plaintiff | * | |
| v. | * | CIVIL No. JKB-17-1446 |
| PAUL KRISTOFF, *et al.*, | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Plaintiff, a teacher formerly employed by the Archdiocese of Baltimore ("the Archdiocese"),[1] commenced the instant action in the Circuit Court for Baltimore County, Maryland, alleging age discrimination, wrongful termination, false light, slander, invasion of privacy, intentional infliction of emotional distress, and negligent hiring. (Compl., ECF No. 2.) Defendants removed the case to this Court (Notice of Removal, ECF No. 1), and now move to dismiss (ECF No. 9). That motion has been fully briefed and is now ripe. (ECF Nos. 14, 15.) No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated below, Defendants' motion will be granted.

## A. STANDARD FOR DISMISSAL

A motion to dismiss for failure to exhaust administrative remedies is governed by Rule 12(b)(1) of the Federal Rules of Civil Procedure. *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003), *aff'd*, 85 F. App'x 960 (4th Cir. 2004) (per curiam). On such a motion, a court may look beyond the pleadings to view evidence submitted on the issue and to determine whether subject matter jurisdiction exists. *Richmond, Fredericksburg & Potomac R.R. Co. v.*

---

[1] Defendant Archdiocese of Baltimore points out that its legal name is "The Most Reverend William E. Lori, Roman Catholic Archbishop of Baltimore, and his successors in office, a corporation sole." (Mot. to Dismiss 1 n.1.)

*United States*, 945 F.2d 765, 768 (4th Cir. 1991). The plaintiff has the burden of proving that jurisdiction is proper. *Id.*

In order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. An inference of a mere possibility of misconduct is not sufficient to support a plausible claim. *Id.* at 679. As the *Twombly* opinion stated, "Factual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). Although when considering a motion to dismiss a court must accept as true all factual allegations in the complaint, this principle does not apply to legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555.

## B. BACKGROUND[2]

Plaintiff alleges that he was employed by the Archdiocese as a teacher (and at times as acting principal) for a total of 41 years, with the majority of his employment having been at St. Michael the Archangel School, and that he received positive evaluations throughout his employment. (Compl. ¶¶ 1, 2, 16.) He alleges that during or about the 2014–2015 school year, he applied to be principal of St. Michael the Archangel School, but that Defendant Kristoff was

---

[2] Because this memorandum evaluates a Rule 12 motion to dismiss, the Court here summarizes the allegations as presented in the Complaint. *See Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

instead awarded the position, this in spite of the facts that Kristoff applied after the application deadline elapsed and after having been discharged from his previous employment for cause. (*Id.* ¶¶ 6–8.)

Later, the Archdiocese decided to merge St. Michael the Archangel School with another school, to be effective at the beginning of the 2017–2018 school year. (*Id.* ¶ 9.) To determine which teaching staff would continue in the newly-merged school, the Archdiocese re-interviewed all faculty at both schools. (*Id.*) It did not offer Plaintiff a position, and Defendant Kristoff explained that this decision was based on Plaintiff's lack of teaching certification. (*Id.* ¶¶ 10-11.) Plaintiff alleges that other similarly-situated teachers were offered contracts contingent upon their eventual certification, and that his offer to similarly work toward obtaining certification was rejected by the Archdiocese. (*Id.* ¶¶ 12–13.) Plaintiff further alleges that "the conduct of the defendants was 'published'" to parents and faculty. (*Id.* ¶ 15.)

## C. ANALYSIS

Because there is no evidence that Plaintiff exhausted his administrative remedies, this Court lacks jurisdiction under the ADEA to hear his claim for age discrimination. None of Plaintiff's other causes of action state facially plausible claims for relief. Therefore, Defendants' motion to dismiss will be granted.

### 1. *Count I: Age Discrimination*

The ADEA prohibits an employer from discriminating on the basis of age. 29 U.S.C. § 623(a) (2017). The act gives an employee claiming age discrimination the right to bring a civil action, provided that the Equal Employment Opportunity Commission ("EEOC") has not already filed suit on the employee's behalf. 29 U.S.C. § 626(c) (2017). To provide the EEOC the opportunity to do so, an employee wishing to file a civil action must first file a timely charge of

3

discrimination with the EEOC and then wait at least sixty days before commencing the civil suit. 29 U.S.C. § 626(d) (2017). A plaintiff's failure to follow the administrative requirements prescribed by statute deprives the court of subject matter jurisdiction. *Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300–01 (4th Cir. 2009).

Without citing law in support, Plaintiff asserts that parties to ADEA suits may waive all administrative process and implies that the administrative process serves only a dilatory purpose. (Resp. 1,[3] ECF No. 14.) Plaintiff misconstrues the statute. The plain meaning of the ADEA does not contemplate the possibility of waiver of notice to the EEOC, only waiver of rights or claims by the employee. 29 U.S.C. § 626 (2017). Furthermore, Plaintiff acknowledges the fact that, even if they had the ability to do so, Defendants have not agreed to waive any administrative process. (Resp. 1–2.) Because Plaintiff never filed a charge of discrimination with the EEOC, this Court lacks subject matter jurisdiction to hear the discrimination claim. Defendants' motion to dismiss Count I will therefore be granted.

### 2. *State Law Claims*

Plaintiff's sole argument for opposing dismissal of his state law claims relies on a fundamental misinterpretation of the longstanding doctrine growing out of *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). The *Erie* doctrine dictates that when a federal court hears a state law claim, the court applies *state substantive law* but *federal procedural law*. *Id.* at 92 (Reed, J., concurring in part) ("[N]o one doubts federal power over procedure). Therefore, the *Erie* rule does not serve as a test for the validity of the Federal Rules of Civil Procedure. *Hanna v. Plumer*, 380 U.S. 460, 469–71 (1965). Because pleading requirements are procedural in nature, federal courts ruling on such matters are governed by the Federal Rules of Civil Procedure. *Durham v. Rapp*, 64 F. Supp. 3d 740, 754 (D. Md. 2014).

---

[3] Plaintiff's response in opposition is captioned "Answer to Defendants' Motion to Dismiss."

While the Court has no reason to believe Plaintiff's state law claims would fare any better under Maryland's pleading requirements, the Court will analyze them under Rule 8(a) of the Federal Rules of Civil Procedure, which provides a framework for evaluating motions to dismiss for failure to state a claim upon which relief may be granted. With respect to each state law claim, the Complaint fails to state a facially plausible claim to relief. Therefore, Defendants' motion to dismiss will be granted.

### a. Count II: Wrongful Termination

A wrongful discharge claim applies under Maryland law, only when an employee (1) was discharged (2) in violation of "a clear mandate of public policy," and (3) there is a nexus between the defendant and the decision to fire the employee. *Shapiro v. Massengill*, 661 A.2d 202, 213 (Md. Ct. Spec. App. 1995). In such cases, Maryland has found violations of "clear mandates of public policy" where an employee was terminated for refusing to commit an unlawful act, for performing a public obligation, or for exercising a statutory right. *Johnson v. MV Transp. Inc.*, 716 F. Supp. 2d 410, 415 (D. Md. 2010) (citing *Makovi v. Sherwin-Williams Co.*, 561 A.2d 179, 182 (Md. 1989)). Plaintiff alleges he was discharged in retaliation for having confronted the Archdiocese in regard to its failure to notify him that it had hired Defendant Kristoff. (Compl. ¶ 23.) Plaintiff does not explain what mandate of public policy such a termination would violate, and his allegation does not meet the high bar set by Maryland courts. Defendants' motion to dismiss Count II will therefore be granted.

### b. Count III: False Light

Under Maryland law, a tort for false light invasion of privacy lies where a defendant gives publicity to a matter placing the plaintiff before the public in a "false light" that would be highly offensive to a reasonable person and where the defendant had knowledge of the falsity of

or acted in reckless disregard as to the falsity of the publicized matter. *Furman v. Sheppard*, 744 A.2d 583, 587 (Md. Ct. Spec. App. 2000). A complete defense exists when the defendant's statement is true. *Id.* Plaintiff alleges that Defendants did not offer him a contract, that this information was shared with teaching staff and parents, and that such communications "suggest[ed] that the plaintiff was not qualified to teach and/or that the plaintiff had committed some dastardly act justifying his termination." (Compl. ¶¶ 10, 15, 26.) Thus, taken in the light most favorable to Plaintiff, the statements he alleges Defendants to have made are that Plaintiff was not offered a contract and that he lacked a teaching certification. However, Plaintiff acknowledges the truth of both statements. (*Id.* ¶¶ 10, 13.) Therefore, Plaintiff has failed to allege a facially plausible claim to relief for false light, and Defendants' motion to dismiss will be granted with respect to Count III.

    c. *Count IV: Slander*

A properly-pled defamation claim (for slander or libel) under Maryland law involves four elements: (1) that a defendant made a defamatory statement, (2) which was false, (3) that the defendant was legally at fault in making the statement, and (4) that the plaintiff suffered harm as a result. *Piscatelli v. Van Smith*, 35 A.3d 1140, 1147 (Md. 2012). Even if the Complaint alleges Defendants to have made a defamatory statement (a question on which the Court makes no finding), it does not allege them to have made any false statement. Therefore, Plaintiff has failed to plead the necessary elements of a claim for slander. Defendants' motion to dismiss will be granted with respect to Count IV.

    d. *Count V: Invasion of Privacy*

As pertinent here, Maryland recognizes a tort for invasion of privacy where a defendant gives unreasonable publicity to a matter concerning the plaintiff's private life, the matter would

6

be highly offensive to a reasonable person, and the matter is not of legitimate concern to the public. *Klipa v. Bd. of Educ. of Anne Arundel Cty.*, 460 A.2d 601, 607 (Md. Ct. Spec. App. 1983). While the Complaint elsewhere implies that Defendants had not publicly shared the reason they did not renew Plaintiff's contract (*see* Compl. ¶ 15 ("The conduct of the defendants was 'published' to others in the teaching staff in the schools and to the parents of the students many of whom approached your plaintiff to acquire [sic] as to why he had been terminated.")), Count V alleges Defendants "intentionally publish[ed] the fact that your plaintiff had not been 'certified'" (*Id.* ¶ 31). The Court need not rule on whether any juror could reasonably find that information regarding a lack of teaching certification could be construed as highly offensive to a reasonable person. Instead, the Court finds that whether or not a teacher is employed by a school and whether or not he holds a teaching certification are matters of legitimate concern to the school's parents and faculty. As such, Plaintiff has not pled all elements for a charge of invasion of privacy. Defendants' motion to dismiss will be granted with respect to Count V.

### e. Count VI: Intentional Infliction of Emotional Distress

Maryland recognizes a tort for intentional infliction of emotional distress in circumstances where, without physical injury, a defendant engages in (1) intentional or reckless conduct (2) that is extreme and outrageous (3) and causes (4) severe emotional distress. *Harris v. Jones*, 380 A.2d 611, 614 (Md. 1977). An action only satisfies the second element where "conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* Whether any reasonable person may interpret the defendant's conduct as extreme and outrageous is a question for the court. *Id.* at 615. The Court finds that no reasonable person could find it "extreme and outrageous" for a school undergoing a merger to

decline to continue the employment of certain teachers previously employed by one or the other of the schools being merged. Plaintiff has not pled facts supporting the second element of the tort of intentional infliction of emotional distress. Therefore, Defendants' motion to dismiss will be granted with respect to Count VI.

### *f. Count VII: Negligent Hiring.*

Maryland law recognizes a cause of action against an employer for negligently hiring an employee. *Latty v. St. Joseph's Soc. of Sacred Heart, Inc.*, 17 A.3d 155, 165 (Md. Ct. Spec. App. 2011). The elements to sustain such a claim are (1) an employment relationship, (2) the employee's incompetence, (3) the employer's knowledge of such incompetence, (4) the employee's act or omission causing the plaintiff's injury, and (5) the employer's negligence in hiring the employee as the proximate cause of the injury. *Id.* The Court is skeptical that Plaintiff's allegation that Defendant Kristoff had been previously fired for cause (Compl. ¶ 6) meets Plaintiff's pleading obligation as to the second element (showing the employee's incompetence). However, Plaintiff has in no way alleged facts showing the Archdiocese's allegedly negligent hiring of Kristoff caused Plaintiff's effective termination. To put it differently, Plaintiff has not alleged that a *competent* principal overseeing the merger of the two schools would be *obliged* to renew Plaintiff's contract despite Plaintiff's lack of teaching certification. The Archdiocese's motion to dismiss will be granted with respect to Count VII.

## D. CONCLUSION

For the foregoing reasons, the Court lacks jurisdiction over Count I, and the remaining counts fail to state plausible claims on which relief may be granted. Accordingly, Defendants' motion to dismiss will be granted in its entirety. A separate order shall issue.

DATED this 8th day of August, 2017.

                                          BY THE COURT:

                                          /s/
                                        James K. Bredar
                                        United States District Judge